IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:05-815-HMH |
| vs. | ) | |
| | ) | |
| Michael A. Kennedy, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Michael A. Kennedy's ("Kennedy") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Kennedy's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2005, Kennedy pled guilty to one count of conspiracy to possess with intent to distribute or to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, and one count of conspiracy to distribute a quantity of marijuana. Daniel Farnsworth ("Farnsworth") represented Kennedy at his plea and sentencing. On April 17, 2006, Kennedy was sentenced to 324 months' imprisonment. Kennedy appealed his conviction and sentence. On November 13, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Kennedy's conviction. United States v. Kennedy, No. 06-4458, 2006 WL 3267347, at *1 (4th Cir. Nov. 13, 2006) (unpublished). Kennedy filed the instant § 2255 motion on May 15, 2007.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

In his § 2255 motion, Kennedy asserts that Farnsworth was constitutionally ineffective during "plea negotiations and plea stage" because Farnsworth "allowed [Kennedy] to enter into an agreement knowing that [Kennedy] wouldn't fulfill the governments [sic] request to testify against his sister and knowing that the government would consider this action a breach [of the plea agreement] and push for a higher sentence." (Kennedy's Mem. Supp. § 2255 Mot. 3.) Kennedy asserts that Farnsworth was constitutionally ineffective at sentencing for failing to raise a United States v. Booker, 543 U.S. 220 (2005) challenge. (Id. 5.) Finally, Kennedy alleges that his counsel on appeal, Jeffrey Wilkes ("Wilkes"), was constitutionally ineffective for failing to raise a Booker challenge on appeal. (Id.) The court will address each of Kennedy's alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Kennedy must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Kennedy must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, Kennedy argues that Farnsworth was constitutionally ineffective during plea negotiations and at his plea because Farnsworth "allowed [Kennedy] to enter into an

2

agreement knowing that [Kennedy] wouldn't fulfill the governments [sic] request to testify against his sister and knowing that the government would consider this action a breach [of the plea agreement] and push for a higher sentence." (Kennedy's Mem. Supp. § 2255 Mot. 4-5.) Kennedy alleges that he told Farnsworth that he would not testify against his sister, and that Farnsworth did not tell him that he would have to testify against his sister when Farnsworth advised Kennedy to sign the plea agreement. Although the plea agreement was not mentioned during Kennedy's guilty plea hearing, Kennedy executed a plea agreement prior to his guilty plea. Paragraph 4 of the plea agreement states in pertinent part that Kennedy must

> testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant.

Kennedy's plea agreement unambiguously required him to testify against his sister if the Government requested him to do so. During his plea hearing, Kennedy testified that no one had "threatened[,] forced or coerced [him] in any way to get [him] to plead guilty." (Guilty Plea Tr. 22.) In addition, Kennedy testified that he was pleading guilty because he was guilty. Based on the court's thorough Rule 11 colloquy, the court finds that Kennedy's decision to plead guilty was knowing and voluntary. At sentencing, Kennedy further testified as follows: "I know I did wrong and I plead up guilty. I ain't go to no fight. I took the lie detector test, everything they told me to do. It was just my sister, I ain't want to talk about her." (Sentencing Tr. 7.) Kennedy also testified during his sentencing hearing that he had no complaints of his attorney and was satisfied with his attorney. (Id. 2.) In addition, Regan

3

Pendleton, the prosecuting Assistant United States Attorney, stated at Kennedy's sentencing that she informed Kennedy that if he did not testify against his sister, the Government would not move for a downward departure because he would be in violation of his plea agreement. (Id. 6.)

Based on the plea agreement, Kennedy was on notice that if requested by the Government, he would have to testify against his sister and that his failure to testify truthfully would void the plea agreement, including the Government's agreement to move for a downward departure based on substantial assistance. Moreover, prior to sentencing, Kennedy was again informed that failure to testify against his sister would violate his plea agreement. However, at sentencing, Kennedy raised no complaints of Farnsworth. Further, Kennedy admitted his guilt during both his guilty plea and sentencing hearings. Based on the foregoing, Farnsworth was not constitutionally ineffective for failing to advise Kennedy that full cooperation included testifying against his sister. Further, Kennedy has failed to demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Second, Kennedy asserts that Farnsworth was constitutionally ineffective at sentencing for failing "to object at sentencing to the movant being sentenced to facts (enhancements) that wasn't admitted to by the Movant at the change of plea hearing." (Kennedy's Mem. Supp. § 2255 Mot. 4-5.) Further, Kennedy alleges that Wilkes failed to raise this claim on appeal. (Id.)

Kennedy provides no basis to support a Booker argument. Kennedy was sentenced under the advisory guideline scheme. (Sentencing Tr. 8.) The court has the authority to

4

resolve factual disputes under the preponderance of the evidence standard of proof under the advisory guidelines. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Kennedy's claim that Farnsworth and Wilkes were constitutionally ineffective for failing to raise a Booker claim is wholly without merit.

It is therefore

**ORDERED** that Kennedy's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 30, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.